Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
Saipan, MP 96950
Tel. No. (670) 235-4802
Fax. No. (670) 235-4801

Attorney for Plaintiff

F I L E D
Clerk
District Court

AUG 1 7 2009

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROYAL CROWN INSURANCE CORPORATION<br><br>Plaintiffs<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS and JACINTA M. KAIPAT, ACTING SECRETARY OF DEPARTMENT OF LABOR, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, in her official capacity,<br><br>Defendant | CIVIL ACTION NO. 09 - 0030<br><br><br><br><br><br>COMPLAINT |

## FIRST CLAIM FOR RELIEF

1. The court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Plaintiff Royal Crown Insurance corporation is a corporation organized and

existing under the laws of the Commonwealth of the Northern Mariana Islands.

3. Defendant Commonwealth of the Northern Mariana Islands ("Commonwealth") is a governmental entity organized and exisitng under the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("Covenant") and operates an agency known as the Department of Labor ("DOL").

4. The Commonwealth has waived immunity from suit in federal court pursuant to the Covenant.

5. Defendant Jacinta M. Kaipat ("Kaipat") is the Acting Secretary of DOL.

6. At all times relevant herein, Defendant Kaipat was and is acting under color of Commonwealth law.

7. Defendant Commonwealth promulgates laws, rules, regulations, policies and procedures which regulate and control the employment of foreign contract workers in the Commonwealth.

8. DOL is the Commonwealth agency responsible for regulating and controlling the employment of foreign contract workers in the Commonwealth.

9. Defendant Kaipat, in her official capacity as Acting Secretary of DOL is

responsible for the operations of DOL.

10. Royal Crown issues bonds in favor of the Director of Labor to secure the performance of certain obligations by employers of foreign contract workers.

11. DOL contends it has the power and authority to interpret and adjudicate disputes concerning bonds issued in favor of the Director of Labor to secure the performance of certain obligations by employers of foreign contract workers.

12. Disputes exist between Royal Crown and DOL concerning the propriety of the mechanism employed by DOL for determining coverage of the bonds and the procedures for addressing and resolving bond disputes.

13. The mechanism and procedures employed by the DOL concerning administrative actions against bonding companies such as Royal Crown violate procedural and substantive due process as guaranteed by the 14th Amendment to the United States Constitution on grounds which include but are not limited to

   A. Providing insufficient notice of administrative hearings on the merits of claims made by foreign contract workers;

   B. Not complying with the Commonwealth Administrative Procedures

Act with respect to proceedings involving obligations under bonds issued by bonding companies;

C. Allowing administrative proceeding to be conducted by a person who is not a duly authorized and lawful DOL hearing officer; and

D. Utilizing ad hoc procedures with respect to hearings concerning obligations under bonds issued by bonding companies.

14. Royal Crown has suffered and will suffer future harm, damage and adverse consequences as result of defendants violation of its procedural and substantive rights to due process as guaranteed by the 14th Amendment to the United States Constitution.

15. Royal Crown's harm and damage are addressable under 42 U.S.C. § 1983 and the 14th Amendment.

## SECOND CLAIM FOR RELIEF

16. Royal Crown re-alleges and re-incorporates the allegations contained in ¶¶ 1- 15.

15. By an administrative order dated May 18, 2009, DOL held Royal Crown liable for the sums awarded by administrative order in another administrative case known as *Director of Labor et al v. Rifu Apparel*

*Corporation, et al,* Compliance Agency Case No. 08 - 320 ("Agency Case").

16.. Royal Crown was not a party to the Agency Case.

17. Royal Crown appealed the May 18, 2009administrative order to the Secretary of the Department of Labor.

18. By order dated July 31, 2009, Kaipat denied Royal Crown's appeal, which included, among other things, ruled there was not any violation of Royal Crown's due process rights as guaranteed by the United States Constitution. A copy of the July 31, 2009 order denying the appeal to the DOL Secretary is attached hereto.

19. Royal Crown is entitled to judicial review of the May 18, 2009 administrative order as affirmed by Kaipat pursuant to 3 CMC § 4446.

20. The May 18, 2009 administrative order is arbitrary, capricious, and not accordance with law on grounds which include but are not limited to the following:

   A. The notice provided to Royal Crown regarding the hearing on the claims against the employer failed to comply with the Administrative Procedures Act as well as Royal Crown's due process rights under the United States Constitution.

B. The administrative order entered against Rifu Apparel Corporation in the Agency Case is not binding or enforceable against Royal Crown.

C. The bonds issued by Royal Crown do not cover, in whole or in part, the claims in the Agency Case.

D. If liability exists under the bonds, the actions of the Department of Labor and the employer increased the scope of Royal Crown's obligation thereby reducing its liability under the bonds.

E. Insufficient evidence supports the factual findings contained in the order.

## PRAYER FOR RELIEF

**WHEREFORE**, Royal Crown prays for relief as follows:

### FIRST CLAIM FOR RELIEF

1. Declaratory relief in favor of Royal Crown declaring that the procedures, policy and practices for addressing bonding disputes violate procedural and substantive due process under the 14th Amendment.

2. Injunctive relief enjoining defendants from employing procedures, policies

and practices in bonding disputes which procedural and substantive due process under the 14th Amendment.

3. Injunctive relief requiring defendants to promulgate or enact procedures governing bonding disputes which comply with which procedural and substantive due process under the 14th Amendment.

4. costs and reasonable attorney's fees incurred in this matter; and

5. For such other and further relief as the court deems proper.

## SECOND CLAIM FOR RELIEF

1. That the May 18, 2009 administrative order be set aside.

2. That Royal Crown be awarded its costs and reasonable attorney's fees incurred in this matter; and

3. For such other and further relief as the court deems proper.

Law Office of G. Anthony Long

By: _George Anthony Long_
G. Anthony Long